IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CORY RICHARD HAMBLEY<br><br>and<br><br>GRACE ELIZABETH PARADIS,<br><br>Defendants. | Case No. 2:25-cr-44 |

GOVERNMENT'S UNOPPOSED MOTION TO CERTIFY CASE AS "COMPLEX" AND
FOR FINDING OF EXCLUDABLE DELAY UNDER THE SPEEDY TRIAL ACT

The United States of America, by counsel, respectfully requests that this Court certify this case as "complex" under 18 U.S.C. § 3161(h)(7)(B)(ii) and find that a basis exists for excludable delay under the Speedy Trial Act. Neither defendant opposes this motion, and both positively seek a trial outside of the prescribed 70-day window.[1] In support of this motion, the government submits the following:

Section 3161(h)(7)(B)(ii) allows the Court to schedule the trial of this case beyond the 70-day time limit of the Speedy Trial Act ("STA") when ". . . the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for

---

[1] On May 1, 2025, the undersigned attorney for the government drafted this motion and emailed a copy to counsel for both defendants for their review. Counsel for defendant Hambley responded with his consent. The Court, later on May 1, contacted the undersigned attorney for the government and requested that the motion be filed as soon as possible. Although counsel for defendant Paradis could not be reached, he had, on April 30, sent an email message to the Court and to counsel stating that defendant Paradis is "prepared to waive speedy trial and would be looking for a trial date sometime this fall."

the trial itself within the time limits established by this section." *See United States v. Reavis*, 48 F.3d 763, 771 (4th Cir. 1995).

In *Zedner v. United States*, 547 U.S. 489 (2006), the Supreme Court observed that the STA "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Id.* at 497. "Much of the Act's flexibility is furnished by § 3161(h)([7]), which governs ends-of-justice continuances." *Id.* at 498. "This provision gives the district court discretion . . . to accommodate limited delays for case-specific needs." *Id.* at 499. "Congress clearly meant to give district judges a measure of flexibility in accommodating unusual, complex, and difficult case." *Id.* at 508. And it knew "that the many sound grounds for granting ends-of-justice continuances could not be rigidly structured." *Id. Zedner* characterized section 3161(h)(7)'s flexibility and provision of broad discretion to district judges as "substantive open-endedness." *Id.* at 509. "The exclusion of delay resulting from an ends-of-justice continuance is the most open-ended type of exclusion recognized under the Act . . . ." *Id.* But to limit the "danger that such continuances could get out of hand," the Supreme Court warned, section 3161(h)(7) also demands "procedural strictness," *i.e.*, "on-the-record findings." *Id.* at 509.

The eleven-count indictment charges the defendants with violations relating to child exploitation. The lead count alleges a conspiracy to produce child sexual abuse material ("CSAM") over a period of approximately 22 months. Owing to the breadth of the alleged conspiracy, the volume of discoverable electronic evidence is substantial and includes over 100,000 messages exchanged by the defendants. Counsel's review of that evidence may reasonably be anticipated to consume much time. Further, because the messages include CSAM, and because "any property or material that constitutes child pornography (as defined by [18 U.S.C. § 2256] shall remain in the care, custody, and control of either the Government or the court," 18 U.S.C. § 3509(m), counsel's review of any CSAM evidence will be in-person at either the United

States Attorney's Office or Homeland Security Investigations, which necessitates negotiation of attorneys' and agents' busy schedules.

The government has created and intends to produce to the defendants copies of the aforementioned messages that have been sanitized by removing all media. Even so, the unusually large volume of these messages by defense counsel will likely take some time, and their review of those messages with the defendants even more. The government has moved for pretrial detention orders as to both defendants and hearings are scheduled for May 6 (defendant Paradis) and May 28 (defendant Hambley). The outcomes of those hearings — that is, where their clients will be housed pending trial — will directly affect counsel's abilities to prepare for trial, particularly in the case of defendant Hambley, who will learn the outcome of his detention hearing only 41 days before the July 8 speedy-trial deadline.[2]

In addition to the messages exchanged, the evidence in this case includes several of the defendants' electronic devices. Most, but not all, of those devices have been reviewed. Investigators have located CSAM on four of defendant Hambley's devices, including two computer hard drives and two cell phones, and on one of defendant Paradis's two cell phones. Whereas stripping messages of their media attachments is a simple process, the very nature of the forensic examination of electronic evidence requires that it be preserved in the exact state in which it was when the devices were seized, meaning that CSAM cannot so readily be removed from them. Counsel's review of this subset of discovery materials must, therefore, be done while the materials remain in the government's custody. *See* 18 U.S.C. § 3509(m). The investigators advise, too, that their review of the defendant's devices is ongoing and may result in additional relevant evidence that cannot be released.

---

[2] Defendant Paradis was the second defendant to make her initial appearance on April 29, 2025. Seventy days from April 29 is July 8.

For these reasons, the government respectfully requests that this Court enter an order finding, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), that the case is "complex" owing to "the nature of the prosecution" and because "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the STA, and that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendants in a speedy trial.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:     /s/
Anthony C. Marek
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office: (757) 441-6331
Fax: (757) 441-6689
E-Mail: Anthony.Marek@usdoj.gov