IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 2:25cr44 |
| | ) | |
| **GRACE PARADIS,** | ) | |
| | ) | |
| **Defendant** | ) | |

## MOTION TO WITHDRAW AS COUNSEL

The Defendant, Grace Paradis, by counsel, and hereby moves this Honorable Court to enter an order allowing the Office of the Federal Public Defender to withdraw from his case. In support hereof, counsel submits the following:

### Factual and Procedural History

On April 16, 2025, Ms. Paradis was indicted in this court and charged with conspiracy to produce child pornography, in violation of 18 U.S.C. § 2251(a)and (e), two counts of production of child pornography, in violation 18 U.S.C. § 2251(a), one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), one count of transportation of child pornography in violation of 18 U.S.C. § 2252(a)(1), and two counts of enticement, in violation of 18 U.S.C. § 2422(b). (ECF No. 3) She made her initial appearance on April 29, 2025, and the Office of the Federal Public Defender was appointed to represent her. On May 6, 2025, Mr. Paradis waived her detention hearing, was arraigned and entered a plea of not guilty. (ECF No. 29). The court granted the government's motion to declare the case complex and the matter was scheduled for trial to commence on September 9, 2025. (ECF No. 32).

Counsel's first meeting with Mr. Paradis occurred on April 29, 2025, and counsel and members of counsel's office have met with Ms. Paradis on numerous occasions. Although there were no

1

particular difficulties between counsel and Ms. Paradis during these initial meetings, she began to express her dissatisfaction with counsel's representation in June. On July 25, 2025, counsel provided Ms. Paradis with plea documents at the Chesapeake City Jail. On July 29th, August 4th and August 5th, counsel and members of counsel's office met with Ms. Paradis to discuss the plea documents. During these meetings it became increasingly apparent that Ms. Paradis was dissatisfied with counsel's representation and her desire to have new counsel. On August 7, 2025, in an effort to address the concerns raised by Ms. Paradis, Assistant Federal Public Defender, Amanda Connor met with her at the Chesapeake City Jail. Ms. Paradis reiterated her request for new counsel.

Based on these interactions, it is counsel's belief that defendant no longer has confidence in the Office of the Federal Public Defender or counsel's ability or desire to adequately represent her. It appears to counsel that the relationship of trust and confidence between Ms. Paradis and counsel, essential for the effective assistance of counsel at trial, has completely broken down. Counsel's belief was confirmed during the meeting on August 7, 2025. Ms. Paradis has indicated she hopes to have other counsel appointed.

**Law and Argument**

The relationship of trust and confidence between attorney and client is essential for the effective assistance of counsel at trial and throughout all stages of the proceedings. At this time, Mr. Paradis has lost trust and confidence in undersigned counsel's representation such that it is necessary for him to withdraw. Counsel has determined that this motion is appropriate under Rule 1.16 of the Virginia Rules of Professional Conduct.

There are three factors this Court must consider when determining whether to grant defense counsel's motion to withdraw: (1) the timeliness of the motion; (2) whether there has been an "adequate inquiry" into the defendant's complaint; and (3) whether the attorney/client conflict is so great as to result in a total lack of communication preventing an adequate defense. See *United*

*States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994).

In *Mullen*, the Court discussed the considerations involved in ruling on motions to withdraw and contrasted the case before it with cases involving defendants who attempted to manipulate or abuse the right to counsel, stating as follows:

> Most such cases involve a motion for substitution made shortly before or during trial, multiple substitutions, or both .... The government has not pointed us to any case where an appellate court upheld a trial court's denial of a defendant's timely request for his or her first substitution and appointment of counsel.

*Mullen*, 32 F.3d at 897-898.

First, regarding timeliness, the trial is currently scheduled for September 9, 2025. Counsel's request has been filed as soon as practicable after the meeting which took place on August 5, 2025, at which the attorney-client relationship finally broke down, and the same day as Ms. Paradis communicated her wishes to terminate the relationship.

Second, Ms. Paradis has raised complaints regarding counsel's performance, strategy, and ability to zealously represent him. As outlined above, Ms. Paradis has lost trust and confidence in undersigned counsel.

Third, communication in the attorney-client relationship has broken down so completely such that undersigned counsel is unable to effectively prepare for and defend Ms. Paradis at trial.

Finally, this motion is not filed without prior due consideration. Defense counsel has made multiple efforts to address problems in the attorney-client relationship. Unfortunately, all efforts to improve communications have proven unsuccessful such that this motion needed to be filed.

Counsel requests that the Court exercise its discretion and grant this motion immediately, ordering the withdrawal of counsel and the Office of the Federal Public Defender. Defense counsel has conferred with Assistant United States Attorney, Anthony Marek, counsel for the government, and the government has no objection to this motion and the appointment of new counsel.

Respectfully submitted,
GRACE PARADIS

By: _____/s/_____
Rodolfo Cejas, II
Virginia State Bar No. 27996
Assistant Federal Public Defender
Office of the Federal Public Defender
500 East Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: (757) 457-0885
Facsimile: (757) 457-0880
Email: rodolfo_cejas@fd.org

**CERTIFICATE OF SERVICE**

I certify that on this 7th day of August 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to all counsel of record.

On Friday, August 8, 2025, a copy of this motion will be mailed to Mr. Paradis at the following address:

Grace Paradis
Federal Inmate
c/o Chesapeake Correctional Center
400 Albemarle Drive
Chesapeake, Virgina 23322

/s/
Rodolfo Cejas, II
Virginia State Bar No. 27996
Assistant Federal Public Defender
Office of the Federal Public Defender
500 East Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: (757) 457-0885
Facsimile: (757) 457-0880
Email: rodolfo_cejas@fd.org